## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 09-20852-CR-GOLD/MCALILEY

**UNITED STATES OF AMERICA**

**vs.**

**ULISES TALAVERA,**

    **Defendant.**

_____/

### GOVERNMENT'S CONSOLIDATED OBJECTION TO THE PSI
### AND RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PSI

The United States of America hereby submits this Consolidated Objection to the PSI and Response to Defendant Talavera's Objection to the PSI. The response to these filings is consolidated because they raise the same issue: the applicable guideline. The PSI states that applicable United States Sentencing Guideline is Section 2M5.2(a)(2). Defendant Talavera's objection to the PSI maintains the applicable guideline is Section 2M5.1. See DE 283, pp. 3-4.

The United States objects to the PSI's recommendation that applicable Sentencing Guideline is 2M5.2. The United States also objects to Talavera's contention that Section 2M5.1 applies. Rather, as more fully explained below, the United States recommends that the applicable Guideline is 2B1.1.[1]

I.    Background

On October 20, 2010, pursuant to a written plea agreement, defendant TALAVERA pled

---

[1]By way of this filing, the United States does not respond to defendant TALAVERA's other arguments for an alternative sentence in his filing.

guilty to subsection (b) of count one of the indictment.  That subsection charged TALAVERA with conspiring to export goods in violation of 13 U.S.C. § 305, and 18 U.S.C. § 554 and 371.  In relevant part, 13 U.S.C. § 305 makes it unlawful for someone to use false export documents.  Section 554 of Title 18 makes it unlawful to export goods from the United States fraudulently or "contrary to any law or regulation of the United States," including 13 U.S.C. § 305.  Thus, the underlying legal theory for subsection (b) of count one was that TALAVERA and his co-conspirators agreed to use false documents to ship goods, in violation of United States law.  And that is what the defendant admitted to at the time of his guilty plea.

The PSI in TALAVERA's case recommends that the applicable guideline for the defendant's offense is Section 2M5.2.  See ¶ 23, 65.  However, as noted in the PSI, the Sentencing Commission did not contemplate Section 2M5.2 to "address the instant offense conduct."  See ¶ 65.

Notably, the PSIs for the co-defendants, Gonzalez and Safadi, also recommended application of 2M5.2.  Both defendants filed objections to their respective PSIs maintaining that the applicable Guideline Section was 2B1.1.   See  DE 265 (Defendant Gonzalez's Objection to PSI); DE 284 (Defendant Safadi's Objection to PSI).  The government also filed an objection to the application of Section 2M5.2 and maintained that the applicable Section was 2B1.1.  See DE 285 (Government's Objection to PSI for Gonzalez and Sentencing Memorandum).

On January 4, 2011, the Court conducted the first sentencing of the three individual co-defendants in this case.  At that hearing, the Court "adopt[ed] the legal position set forth by the parties" and "articulated by the Government at Docket Entry 285."  See DE 295 (Transcript of Gonzalez sentencing hearing).  Accordingly, the Court concluded that the applicable Guideline Section for the instant offense was Section 2B1.1.

2

II.    Discussion

The government incorporates by reference its filing at Docket Entry 285.  As explained in that filing, Section 2B1.1 properly captures the conduct here: using fraudulent documents to ship goods.  On the other hand, the Guidelines suggested by Probation or defendant Talavera do not.

The PSI suggest that the appropriate Guideline Section is 2M5.2. Section 2M5.2 covers the export of arms, munitions, or military equipment without the required exporting permits or licenses. Here, there was no exporting of arms or munitions.  Nevertheless, the PSI and the defendant recommend that Section 2M5.2(a)(2) applies.   Section 2M5.2(a)(2) provides that the base offense level is 14, "if the offense involved only non-fully automatic small arms (rifles, handguns, or shotguns), and the number of weapons did not exceed ten."  This offense did not involve small arms. Indeed,  no weapons at all were involved.  Rather, this offense involved using bogus shipping documents when goods were exported from the United States.  As the PSI notes, the Sentencing Commission did not consider the instant conduct when creating Section 2M5.2.  Section 2M5.2 simply doesn't fit.

Similarly, defendant Talavera's suggestion doesn't fit either.  Defendant Talavera maintains that the applicable Guideline is Section 2M5.1(a)(2).  Section 2M5.1 addresses "evasion of export controls; financial transactions with countries supporting international terrorism."  See U.S.S.G. § 2M5.1.  Again, this simply doesn't fit the facts of this case.  Talavera did not pled guilty to evasion of export controls; he pled guilty to the use of false documents to ship goods out of the country  – on multiple occasions.

Put simply, neither Probation nor Talavera's suggested guidelines address the conduct at issue here: falsifying shipping documents.  Indeed, the other defendants in this matter, Gonzalez and

Safadi, have conceded and contended that the applicable Sentencing Guideline is Section 2B1.1 not 2M5.2 or 2M5.1.  <u>See</u>  DE 265 (Defendant Gonzalez's Objection to PSI); DE 284 (Defendant Safadi's Objection to PSI).  Both defendants filed objections contending as much.  And the Court adopted these arguments at the sentencing of Gonzalez.  To now contend that the appropriate Guideline section is 2M5.1 would result in disparate sentences; a result that must be avoided under 18 U.S.C. § 3553.

Under § 2B1.1, the base offense level is six, plus a 14 level increase for the value of the merchandise, minus a three level reduction for acceptance of responsibility, resulting in a total offense level of 17. With a criminal history category of I, the advisory guideline imprisonment range is 24 to 30 months.  This is the proper guideline calculation for this offense.[2]

---

[2]This response is intended only to address the applicable Guideline section and does not contain a recommendation of the appropriate and reasonable sentence under the facts of this case.

4

III.     <u>Conclusion</u>

For all of the foregoing reasons, the United States respectfully objects to the application of

U.S.S.G. § 2M5.2(a)(2) or 2M5.1 in this matter, and recommends that U.S.S.G. § 2B1.1 be applied.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: <u>s/ Jared E. Dwyer</u>
    Jared E. Dwyer
    Assistant United States Attorney
    Court ID No. A5501240
    Allyson Fritz
    Assistant United States Attorney
    99 N.E. 4th Street
    Miami, Florida 33132-2111
    Tel: (305) 961-9118

5

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of

the Court using CM/ECF on January 18, 2010.  Pursuant to operation of CM/ECF notice of this

filing was electronically provided to counsel of record listed in the below service list.

<u>s/ Jared E. Dwyer</u>
Jared E. Dwyer
Assistant United States Attorney

## <u>SERVICE LIST</u>

Leonard Alan Sands
Sands & Moskowitz, P.A.
One Biscayne Tower - Suite 2600
Two South Biscayne Boulevard
Miami, FL 33131-1819
305-285-1500
Email: leonardsands@att.net

Peter Raben
Suite 2850
150 West Flagler Street
Miami, FL 33130
305-379-1401
Fax: 305-374-0081
Email: praben@bellsouth.net

David Oscar Markus
David Oscar Markus
40 NW Third Street
Courthouse Center, PH 1
Miami, FL 33128
305-379-6667
Email: dmarkus@markuslaw.com

<u>**SERVICE LIST**</u>

Silvia Beatriz Pinera-Vazquez
Silvia B Pinera-Vazquez PA
International Center
1900 SW 3rd Avenue
Miami, FL 33129
305-443-0629
Email: spinera@aol.com

Michael Ross Tein
Lewis Tein
3059 Grand Avenue
Suite 340
Coconut Grove, FL 33133
305-442-1101
Fax: 442-6744
Email: tein@lewistein.com

Alexander S. Ali
Alonso & Ali PA
2121 Ponce de Leon Boulevard
Coral Gables, FL 33134
305-467-7302
Email: aalawgroup2@gmail.com