UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-20852-CR-GOLD/MCALILEY

UNITED STATES OF AMERICA

vs.

ULISES TALAVERA,

      Defendant.
      _____/

## GOVERNMENT'S RESPONSE TO DEFENDANT ULISES TALAVERA'S MOTION TO TERMINATE PROBATION

The United States of America hereby submits this response to Defendant Ulises TALAVERA's Motion to Terminate Probation (DE 363). In his motion, TALAVERA seeks that probation be: (1) terminated early; or (2) modified to permit TALAVERA to complete probation in another country. (DE 363, p. 3.) With respect to TALAVERA's request for early termination, the motion should be denied. The defendant cannot be granted the relief he seeks because he has not served the requisite one year minimum of probation as required by the relevant statute. With respect to TALAVERA's alternative request for modification of his terms of probation, the motion should be denied because such a modification is tantamount to an end-run around the applicable statute and is otherwise not warranted.

I.    Background

On October 20, 2010, pursuant to a written plea agreement, defendant TALAVERA pled guilty to subsection (b) of count one of the indictment. That count charged a felony violation of 18 U.S.C. § 371. On January 24, 2011, the Court sentenced TALAVERA to one year of probation for

that felony charge. On or about August 17, 2011 defendant TALAVERA filed the instant motion.

II.     Discussion

The defendant maintains that continuing probation is untenable given that he can no longer make a living in the United States and would like to return to Paraguay to "pick up the pieces of his life and start over there." See DE 363, pp. 2-3. Accordingly, the defendant seeks to either have his probation terminated early or to allow him to continue on probation in his native Paraguay. As explained more fully below, neither solution is appropriate and the motion should be denied.

A.      Probation Cannot Be Terminated Early Under the Applicable Statute

TALAVERA was sentenced to one year of probation for a felony conviction. Termination of probation in a felony case is governed by 18 U.S.C. § 3564(c). Section 3564(c) specifically provides:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction <u>or at any time after the expiration of one year of probation in the case of a felony</u>, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c) (emphasis added). As the plain language of the statute makes clear, in the case of a felony, the defendant must be on probation for at least one year before probation can be terminated. Cf. United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011) ("Section 3583(e)(1) clearly provides an individual with the opportunity to submit a motion for early termination of supervised release 'any time after the expiration of one year of supervised release.'"). Here, the defendant has only been on probation for approximately seven months. Thus, under the applicable statute, TALAVERA is not eligible for early termination of probation. Accordingly, the motion

2

should be denied.

  B.  Continuing Probation In Paraguay is Not An Appropriate Solution

  The defendant's alternative solution is to permit him to return to Paraguay to continue the last four months of his probation. The upshot from the defendant's request is that the defendant will be on non- reporting probation and not under supervision of this Court while in Paraguay. Thus, in essence, TALAVERA's term of probation will be terminated. In that regard, the alternative solution of non-reporting probation proposed by the defendant is an end-run around 18 U.S.C. § 3564(c), which expresses the intent that convicted felons spend at least one year on probation.

  Moreover, the sentence of one year probation was warranted in this case. The defendant was convicted of a felony offense. The defendant admitted to cheating the United States export system in an attempt to conceal the fact that he was sending product to various locations. TALAVERA's conduct requires more than simply seven months of probation. Cf. United States v. Reagan, Case No. 05-10952, 2006 WL 93242 (11th Cir. Jan. 17, 2006) (no abuse of discretion to deny motion for termination of supervised release where defendant had only served sixteen months of sixty-month term). Indeed TALAVERA admitted to shipping goods – using false documentation – on four separate occasions. See DE 239 (signed factual basis for guilty plea). Thus, a sentence of one year of probation was appropriate at the time of sentencing and is so now.[1] To allow the defendant to return to Paraguay on non-reporting probation would re-write the defendant's sentence. Accordingly, the motion should be denied.

---

[1] In addition, as noted in his motion, the co-defendant corporation for which TALAVERA is the representative has not paid the entire amount owed to ICE.

III.     Conclusion

For all of the foregoing reasons, the United States respectfully requests that the defendant's motion be denied.

                                      Respectfully submitted,

                                      WIFREDO A. FERRER
                                      UNITED STATES ATTORNEY

By: s/ Jared E. Dwyer
     Jared E. Dwyer
     Assistant United States Attorney
     Court ID No. A5501240
     Allyson Fritz
     Assistant United States Attorney
     99 N.E. 4th Street
     Miami, Florida 33132-2111
     Tel: (305) 961-9118

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF on August 23, 2011. Pursuant to operation of CM/ECF notice of this filing was electronically provided to counsel of record listed in the below service list.

s/ Jared E. Dwyer<br>
Jared E. Dwyer<br>
Assistant United States Attorney

## SERVICE LIST

Leonard Alan Sands
Sands & Moskowitz, P.A.
One Biscayne Tower - Suite 2600
Two South Biscayne Boulevard
Miami, FL 33131-1819
305-285-1500
Email: leonardsands@att.net

Peter Raben
Suite 2850
150 West Flagler Street
Miami, FL 33130
305-379-1401
Fax: 305-374-0081
Email: praben@bellsouth.net

David Oscar Markus
David Oscar Markus
40 NW Third Street
Courthouse Center, PH 1
Miami, FL 33128
305-379-6667
Email: dmarkus@markuslaw.com

**SERVICE LIST**

Silvia Beatriz Pinera-Vazquez
Silvia B Pinera-Vazquez PA
International Center
1900 SW 3rd Avenue
Miami, FL 33129
305-443-0629
Email: spinera@aol.com

Michael Ross Tein
Lewis Tein
3059 Grand Avenue
Suite 340
Coconut Grove, FL 33133
305-442-1101
Fax: 442-6744
Email: tein@lewistein.com

Alexander S. Ali
Alonso & Ali PA
2121 Ponce de Leon Boulevard
Coral Gables, FL 33134
305-467-7302
Email: aalawgroup2@gmail.com